IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,025-01






EX PARTE BRODERICK KEITH HOLMES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W366-80627-07 IN THE 366TH JUDICIAL DISTRICT COURT


FROM COLLIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to tampering with
physical evidence, and was sentenced pursuant to a plea agreement to seven years' imprisonment. 
He did not appeal his conviction. 

 Applicant contends, inter alia, that he received ineffective assistance of counsel, and that his
plea was involuntary because his trial counsel met with him for only ten minutes, failed to ask
Applicant his side of the story, and failed to investigate or interview witnesses before seeking a plea
agreement. Applicant also alleges that trial counsel failed to advise him of his appellate rights. 
Applicant alleges that he was "assigned" an attorney, and was forced to enter a plea on the same day. 
The habeas record does not indicate whether Applicant's counsel was retained or appointed, and if
appointed, on what date counsel was appointed. 

 Furthermore, the habeas record does not contain copies of the admonishments received by
Applicant in connection with his plea, and it is difficult therefore to determine whether Applicant
was advised of the applicable punishment range, the rights he was waiving, and the consequences
of his plea, including the limitations on his appellate rights if the trial court sentenced him according
to the plea agreement. Nor does the habeas record contain waivers, stipulations, a judicial
confession, or copies of the evidence, if any, which was offered to support Applicant's guilty plea. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claim of ineffective assistance
of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the plea papers,
including any admonishments, waivers, stipulations, judicial confession, and any evidence
introduced in support of the plea. The trial court shall make findings of fact as to whether
Applicant's counsel was retained or appointed, and if appointed, the date upon which counsel was
appointed. The trial court shall make findings as to whether any written pre-trial motions were filed
and ruled on in this case, and as to what other actions, if any, defense counsel performed on
Applicant's behalf. The trial court shall make findings of fact and conclusions of law in regard to
Applicant's claims that his plea was involuntary and that he received ineffective assistance of
counsel. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: July 2, 2008

Do not publish